## THE TRUSTEES OF THE VILLAGE OF ANGELICA *vs.* MORSE.

Under the ruling of the Supreme Court of the United States in *Van Allen v. The Assessors*, (3 *Wall.* 573,) an assessment, by town assessors, of an individual as a shareholder in a national bank, is without any valid legal authority, and is therefore void.

But it does not follow that an assessment, by the trustees of a village, acting as commissioners of highways, of an individual for highway labor, is void because the assessment made by the assessors of the town, in the previous year, was void. For the statute does not make the authority of commissioners of highways, in assessing for highway labor, dependent upon the validity of the preceding assessment.

It is the duty of such trustees to assess the residue of highway labor upon the real and personal estate of every inhabitant, as the same appeared by the last assessment roll of the town. They have no discretionary power whatever, nor any authority over the assessment roll by which they can correct it by omitting from their assessment for highway labor, any real or personal estate appearing upon it.

If such assessment roll contains the name of an individual assessed as a taxable inhabitant, for stock in a national bank, owned by him, the trustees as commissioners of highways, have the power to assess him, in the following year, for highway labor, on account of such stock.

THIS is a case agreed upon by the parties, and submitted to the determination of this court under and pursuant to section 372 of the Code of Procedure. From the statement of facts contained in the case, it appears that the defendant, during the year 1865, and since then, has been a stockholder to the amount of $20,000 in the First National Bank of Angelica, a banking institution formed under the act of congress, in November, 1864. That the assessors of the town of Angelica, in which the village is situated, assessed him as a taxable inhabitant of the town, on account of such stock, in the year 1865. And in the year 1866 the trustees of the village, which is a separate road district in the town, assessed the defendant sixty-six and two thirds days' work, for highway labor, on account of his said stock. The defendant has resided in the village for ten years last past. And the legal validity of this highway tax is the point presented for decision in this case.

*By the Court,* DANIELS, J. The village of Angelica was incorporated as such by chapter 260 of the laws of 1835, and in 1864 it was declared to be a separate road district, and the trustees of the village were invested with all the powers, within the village, and subjected to all the duties and liabilities of commissioners of highways of towns in like cases. (*Laws of* 1864, *p.* 467, § 4.) By chapter 97 of the laws of 1865, (*p.* 160, § 10,) it was provided that all the shares of banking associations, organized under the act of congress, held by any person or body corporate, should be included in the valuation of the personal property of such person, or body corporate, in the assessment of taxes in the town or ward where the banking association might be located. This act was at the time supposed to be warranted by the proviso contained in section 41 of the act of congress which provided for the formation of national banking associations, and under which the First National Bank of Angelica was formed. (13 *U. S. Stat. at Large,* 111, § 41.) And under the act of 1865, the defendant in this case must have been assessed by the assessors of the town of Angelica, upon the stock owned by him in that bank. But this act of 1865 was afterwards determined not to have been a valid exercise of legislative power; not, however, on the ground, or for the reason, that the States could not authorize the taxation of shareholders in national banking associations, but because the State laws provided for no tax whatever upon the shareholders in banks formed or organized under the laws of the State. All such banks were at that time taxable upon a valuation equal to the amount of their capital stock paid in or secured to be paid in, and their surplus earnings, less ten per cent. (*Laws of* 1863, 435, § 1.) While the State banks were taxable in this manner, the act of 1865, providing that the States might tax the shareholders in national banks, was decided to be in conflict with the provision in the act of congress which declared that the tax on the shareholders in the

national banking associations should not exceed the rate imposed upon the shares in any of the banks organized under the authority of the State in which the institution should be located. As the tax in the case of the banks organized under the authority of the State was not imposed on the shares at all, but on a valuation equal to the capital paid or secured, and the surplus, less ten per cent, it was held that this act of 1865 provided for taxing the shareholders in the national banking associations at a rate exceeding the rate imposed upon the shares in the State banks, and therefore it was unauthorized and void. (*Van Allen* v. *The Assessors,* (3 *Wall. U. S. Rep.* 573.) And under that ruling, the assessment of the defendant as a shareholder in the First National Bank of Angelica, in 1865, was without any valid legal authority, and it was therefore void. But it does not follow that the assessment of the defendant for highway labor is void because the assessment by the assessors of the town in 1865 was void. For the statute does not make the authority of the trustees of the village as commissioners of highways, in assessing highway labor, dependent upon the validity of the preceding assessment. If it did, the assessment for highway labor would fail with the town assessment made upon the defendant in 1865. On the contrary, it was the duty of the trustees, as such commissioners, by the express language of the statute, to assess the residue of highway labor, after assessing one day to every male inhabitant, excepting ministers of the gospel, priests, paupers, idiots and lunatics, upon the real and personal estate of every inhabitant, as the same appeared by the last assessment roll of the town. (1 *R. S.* 466, § 24, *subd.* 2, 3, *Edm. ed.*) They had no discretionary power whatever, nor any authority over the assessment roll, by which they could correct it by omitting from their assessment for highway labor, any real or personal estate appearing upon it. On the contrary, they were bound to take it as it appeared, except so far as

Trustees of the Village of Angelica *v.* Morse.

they were empowered to correct omissions by adding the names of those inhabitants left off, and such as afterwards became taxable inhabitants of that part of the town comprised within the village. (*Id.* § 26.) In no other respects did they have any power to make corrections. They were bound to assume that all proper corrections had been made by the assessors, as it was their duty to make them, by the express language of the statute. (1 *R. S.* 395, § 20, *Edm. ed.*) Taking the assessment of the preceding year as their guide, which under the statute they were bound to do, the trustees of the village were authorized to assess the defendant for his proportion of the residue of highway labor, after apportioning one day to each male inhabitant of the village liable for the same. For, by the provisions of chapter 761 of the laws of 1866, the shareholders in all banks, both state and national, are rendered liable to taxation upon their shares specifically by the authorities of the state, county and other municipality in which the bank may be situated. (*Laws of* 1866, *vol.* 2, *p.* 1647, § 1.) When the assessment of the highway labor was made by the trustees of the village, upon the defendant, this act was in force; and under the provisions contained in it, and those of the Revised Statutes already referred to and considered, that assessment was valid, and imposed the duty of discharging it upon the defendant.

Judgment must therefore be given, upon the case submitted, in favor of the trustees of the village.

[ERIE GENERAL TERM, February 11, 1867. *Daniels, Marvin* and *Davis,* Justices.